UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TIMOTHY C. PLATT, )
 )
           Plaintiff, )
  vs. ) No. 1:09-cv-347-SEB-DML
 )
UNITED STATES POSTAL SERVICE )
 and CHARLES SMITH, )
 )
           Defendants. )

**Entry Granting Motion to Dismiss
and Directing Further Proceedings**

**I.**

The defendants' motion to dismiss[1] (dkt 17) is **granted.** This conclusion is based on the following facts and circumstances:

    1.    Insofar as defendant Charles Smith is sued in his official capacity, the claim against him is against the entity by which he is employed. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)(explaining that an official capacity suit is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity"). That means, in this case, that any claim against defendant Smith in his official capacity is treated as a claim against his employer, the United States Postal Service ("USPS").

    2.    The plaintiff's claim brought pursuant to 42 U.S.C. § 1981 against the USPS is barred by the United States' sovereign immunity. *Harrison v. Potter,* 323 F.Supp.2d 593, 604 (S.D.N.Y. 2004).

---

[1] In ruling on the defendants' motion to dismiss, the court has not considered any evidentiary material outside the pleadings. Thus, the motion will not be converted to a motion for summary judgment.

3. Additionally, no viable claim is asserted pursuant to § 1981 because the alleged misconduct on which the plaintiff's claim is based occurred solely under color of federal law, whereas § 1981 provides for liability for actions that took place under color of state law. *Davis v. United States Dep't of Justice,* 204 F.3d 723, 725 (7th Cir. 2000); *Lee v. Hughes,* 245 F.3d 1272, 1277 (11th Cir. 1998). Additionally, the claim under § 1981 is insufficient because the discrimination alleged by the plaintiff is not based on his race, but is based only on the alleged fact that he, as an employee of a postal service contractor, was treated differently than were employees of the USPS. An allegation of discrimination on this basis is outside the scope of the rights secured by § 1981.

## II.

### A.

No partial final judgment shall issue at this time as to the claims resolved in Part I of this Entry.

### B.

The plaintiff shall **report as to the following** no later than **December 17, 2009**:

1. Whether he asserts any claim pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

2. The defendant(s) against whom a *Bivens* claim is asserted.

3. The nature of the *Bivens* claim (meaning the legal theory) and the relief sought.

4. The factual basis of each *Bivens* claim – meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**IT IS SO ORDERED.**

Date: 12/01/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy C. Platt
2757 Dietz Street
Indianapolis, IN 46203

Debra G. Richards
United States Attorney's Office
debra.richards@usdoj.gov